Taylor, Chief Justice.
 

 The first exception,, taken both as a ground for a new trial and in arrest of judgment, that there is no charge of the defendant’s being a trader in beef, cannot be sustained; for the fact charged in the indictment and with the circumstances accompanying it, is indictable by whomsoever committed. It is not necessary to state in such indictment that the defendant acted in violation of any duty imposed on him by his peculiar condition; for it is a misdemeanor at common law knowingly to give any person injurious food to eat, whether the defendant be excited by malice or a desire of gain. The charge in
 
 Treeve’s
 
 case, was for wilfully, deceitfully and maliciously supplying prisoners of war with unwholesome food, not fit to be eaten by man.. It was laid as an offence at common law; and an exception was taken in arrest of judgment, that it was not indictable; as it did not appear that what was done, was in breach of any contract with the public, or of any moral or civil duty. The defendant was, in fact, a contractor with the public for supplying the prisoners with provisions, but that w’as not stated in the indictment, nor was it held fiecessary to state it; and the conviction was supported upon the broad ground, that the giving of unwholesome victuals, not fit for man to eat, whether from motives of gain, from malice or deceit, was clearly an indictable; offence. (2
 
 East F. C.
 
 821.) There are several precedents of indictments for the same offence, variously modified, stated in 2
 
 Chitty C. Law
 
 556, on which convictions have been had, upon undoubted principles of law.
 
 *380
 
 It is true, that a very ancient statute was passed farther to aggravate the punishment for selling unwholesome. provisions, bút as I have met with no prosecutions upon }-(; the common law may be supposed to have been weakened by the legislature’s making declarations against offences which were criminal by the common law, when, properly understood. Of this, several remarkable instances are stated in
 
 Barrington on the
 
 Statutes, 313. It seems upon the whole, that the public health, whether affected through the medium of unwholesome food, or poisoning the atmosphere, or introducing infectious diseases, is .anxiously guarded by the common law. There ought to be judgment for the state.
 

 Hall, Judge.
 

 1 concur in opinion, that the act charged in the indictment is an indictable offence. In 4
 
 Bl.
 
 162, it is said, that it is an offence against public health to sell unwholesome provisions. From this it might be inferred, that unless the public were concerned in the act it ivas not a public offence, as in the case of the
 
 King
 
 v.
 
 Baldock,
 
 for supplying prisoners with unwholesome food, he being a public contractor for that purpose, (2
 
 Chitty C. L. 5
 
 5G.) and the case of the
 
 King v. Treeve,
 
 who was indicted for the same offence. (2
 
 East C. Law
 
 821.) But it is laid down by both these writers, that the person charged need not be a public contractor; that it is a misdemeanor at common law to give to any person unwholesome food not fit for man to eat,
 
 lucri
 
 causa, or from malice or deceit, apart from other considerations which entered deeply into the demerits of
 
 Baldock
 
 and
 
 Treeve.
 
 See also 6
 
 East
 
 133. 141. 2
 
 East C. Law
 
 823. 2
 
 L.
 
 Ray. 1179. 3
 
 L. Ray.
 
 487. The offence is one that common prudence cannot guard against, and what is most important, the consequences cannot be calculated. I think judgment 'should be given for the state.
 

 Henderson, Judge, concurred*